PER CURIAM:
Claimant, West Hamlin Volunteer Fire Department, Inc., alleges that the respondent, the State Fire Marshal, wrongfully denied it a share of funds distributable from municipal pensions and protection funds for the fiscal year 1985086. Certified similar fire departments had each received $4,575.93. The funds are provided by a State tax on fire and casualty insurance premiums.
In W.Va. Code §33-3-14d (b), the State Fire Marshal, "... Before the first day of August ... of each calendar year ... is required to report to the state treasurer the names and addresses of all volunteer and part volunteer fire companies and departments within the state which meet the eligibility requirements established in W.Va. Code §8-15-8a." One of the requirements therein is that:
"Each volunteer or part volunteer fire company or department must: (a) Submit and maintain current submission of fire loss data to the state fire marshal, including verification via notary public, if no fire loss has occurred;"
The State Fire Marshal provides forms for the filing of monthly reports for satisfying this requirement and forms for applying for certification. Claimant had timely filed its application for certification.
Walter Smittle III, the State Fire Marshal, testified that he had not certified the claimant for a share of the fund because he had not received reports from the claimant for the months of February, March, April and May of 1986, when he submitted his certification to the State Treasurer on July 30, 1986, for the fiscal year 1985-86. Respondents' exhibits included copies of reminder notices to the claimant that reports had not been filed for (a) the months of July and August of 1985 and (b) the months of September, October, November and December of 1985 and for the month of January 1986. No testimony revealed when either of these notices was sent to the claimant. At some time, the reports for these months were apparently filed. No such reminder notice was apparently sent to claimant by the State fire Marshal with reference to the reports not being on file for February, March, April and May 1986. No such reminder notice was required to be given.
By letter dated August 5, 1986, the State Treasurer had advised the claimant that it had not been certified; that it was not too late to get certified; that a final determination would be made about August 20, 1986. Under the statute [W.Va. Code §33-3-14d (b)], it was then too late, for the first day of August had passed and the certification had been made. Nevertheless, the claimant’s Captain Everett Adkins had made a trip to Charleston and hand delivered the missing reports to the office of the State Fire Marshal on August 20, 1986. He testified that the reports then prepared and filed were not prepared from any file copies of reports which had been previously prepared for the missing months.
*14 It is the burden of a claimant to present its case. No witness testified that the reports for the missing months had been timely filed or mailed by the claimant. A claimant’s exhibit, computer prepared in the State Fire Marshal's office, for the period January 1, 1986 to September 30, 1986, showed incidents reported by the claimant fore each of the first six months of 1986; but of course the reports filed late by claimant, on August 20, 1986, would be reflected in this exhibit, so it does not establish that the reports for the missing months were timely filed.
Although the Court is aware of the fine service which is provided by volunteer fire departments, such as this claimant, the Court must, upon the testimony and exhibits presented and upon the applicable statutes, deny this claim.
Claim disallowed.